UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| James Cobbs, Jr. # 232225, | C/A No.: 9:08-cv-2672-GRA-GCK |
| Plaintiff, | |
| v. | ORDER (Written Opinion) |
| State of South Carolina; South Carolina Department of Parole, Probation and Pardon Services; South Carolina Department of Corrections; James B. Alpin, South Carolina Department of Probation, Parol & Pardon Services; Judge R. Markley Dennis, South Carolina 4th Circuit Court; and Warden Robert M. Stevenson, III, South Carolina Department of Corrections, Defendants. | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on August 4, 2008. Plaintiff filed a suit pursuant to 42 U.S.C. § 1983, arguing that the above named individuals violated his Constitutional rights and that he was being detained unlawfully. The magistrate recommends dismissing this suit without prejudice and without issuance of service of process. For the reasons stated below, the Report and Recommendation is accepted and adopted in its entirety.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed timely filed a Notice of Objection on August 11, 2008.

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to

be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d 198.

Rather than filing specific objections, Plaintiff primarily restates and expands the claims he made in his initial complaint and does not reference the Report and Recommendation at all. The plaintiff has not filed specific objections; therefore, the Court need not conduct a *de novo* review of them.

"Review of a [m]agistrate's ruling before the District Court does not permit consideration of issues not raised before the [m]agistrate. . . . A magistrate's decision should not be disturbed on the basis of arguments not presented to him." *Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F.Supp. 1223, 1228 (E.D.Va.1991) (internal citations omitted). *See also Maurice v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 10 (1st Cir .2000) ("The law is clear that when a dispositive motion is heard before a magistrate judge, the movant must make all her arguments then and there[] and cannot later add new arguments at subsequent stages of the proceeding."). This rule is based upon the same concept that prevents litigants from arguing in the appellate courts issues not raised in lower courts. *Jesselson*, 784 F.Supp. at 1228.

Additionally, one purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts to relieve these courts of unnecessary work.  Allowing Plaintiffs to present one version of their case to the Magistrate, and then, because they were unsuccessful, present a new version and new argument to this Court frustrates this very purpose. The Magistrates Act was not intended to "give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Greenhow v. Secretary of Health and Human Servs.*, 863 F.2d 633, 638 (9th Cir.1988).  Allowing parties, including pro se litigants, to raise new issues or arguments at any point in the life of a case will simply result in a needless multiplication of litigation.  Parties should properly plead their claims, and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them. Because Plaintiff's "CSP Claims" were not presented to the magistrate judge, they will not be considered by the undersigned.

## Conclusion

After a thorough review of the magistrate's Report and Recommendation, the plaintiff's objections, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this court adopts it in its entirety.

IT IS THEREFORE SO ORDERED THAT this case be dismissed without prejudice and without service of process.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

September 8 , 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**